HANFORD C. PLUMB *vs.* LEWIS F. CURTIS.

First Judicial District, Hartford, March Term, 1895.* ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An action on the common counts supplemented by a bill of particulars, was brought for building materials sold and delivered during 1890 and 1891, for use in the construction of eight houses. The defendant pleaded payment in respect to all sold in 1890, which was admitted by the reply, but denied liability for those charged in 1891. The plaintiff offered evidence that the materials were ordered by one *S* who represented to the plaintiff at the time of giving the first order that he was authorized to make the purchases for the defendant, to whom he wished them to be charged, and also requested the plaintiff to keep a pass-book for the defendant's use. With these requests the plaintiff complied and subsequently, at the defendant's suggestion, left the pass-book with him

---

* Transferred from the third judicial district by agreement of parties and consent of court.

Plumb v. Curtis.

for his examination. The plaintiff also offered evidence of the defendant's promises made in 1890 to pay for the goods then charged. The goods paid for went into the first three house constructed, which were owned by the defendant, and these goods he had authorized S to buy for that purpose. As to the other five houses, the defendant offered evidence to prove that S had contracted with third parties, on his own account, to build them on their land; that he had advanced S money from time to time to meet his weekly pay-rolls, and had subsequently obtained orders from S on the owners of the houses for all moneys due or to become due, on which he had failed to collect enough to repay his advances; but that he did not assume the contracts, or incur any liability to the plaintiff for any goods used in these five houses. The plaintiff claimed that S was the defendant's authorized agent, or at least one whom he had the right, from the defendant's conduct, to regard as his authorized agent; and also, that the defendant had ratified the purchases. *Held :—*

1. That under the provisions of § 1041 of the General Statutes as extended by § 31 of the Practice Act, the shop-books of the plaintiff were admissible in evidence, not only to prove a sale and delivery of the goods, but to show a sale to the defendant to whom the goods were charged.

2. That the ledger of the defendant on which there were credits to the plaintiff for the goods furnished in 1890, but none for those furnished in 1891, was equally admissible in support of the defendant's claim.

3. That entries of sales charged in 1890, the declarations of S to the plaintiff when he gave the first order, the request for the pass-book, the promises of the defendant etc., as above detailed, were properly received in evidence, notwithstanding payment for these goods was admitted by the pleadings; as such evidence tended to support a recovery for the 1891 goods, by showing the circumstances under which they were sold, and the appearance of authority the defendant had given S to buy them on his behalf.

4. That the admission of the declarations of S, as to his right to buy for the defendant, although made in the defendant's absence, was fully justified in view of the defendant's recognition of such agency by calling for the pass-book and paying for the goods so ordered. (*One judge dissenting.*)

5. That the objection of hearsay made by the defendant did not raise the question as to how far, when received, such declarations might be considered by the jury as proof of a larger agency than that which the defendant admitted.

6. That as no objection to any of the evidence touching the question of agency was made by the defendant upon the ground that the complaint failed to aver sales made through an agent, as required by Rule III. § 1, of the Practice Act, the defendant could not in this court raise the objection of a variance; nor, for the same reason, could he justly complain of the refusal of the trial court to charge the jury that there could be no recovery upon the complaint, for goods sold to S as agent for the defendant.

7. That the testimony of the plaintiff to the effect that S was a man of no

property, so far as he knew, was, when taken in connection with the other evidence already in the case, relevant and admissible.

8. That several requests of the defendant to charge the jury which failed to notice or explain the effect of a ratification by the defendant, or the effect of an apparent authority conferred by the defendant on *S* such as to raise an estoppel, were misleading and were properly refused.

9. That an instruction, requested by the defendant, to the effect that the plaintiff could have no greater rights of recovery by reason of the defendant's having obtained from *S* an assigment of the moneys due and to become due on the contracts for building the last five houses, was properly refused; as the evidence upon that point might fairly be weighed by the jury in determining whether such contracts were really, and from the beginning, those of *S*, as claimed by the defendant, or those of the defendant, as claimed by the plaintiff.

10. That the court properly refused to charge that unless *S* was in fact authorized to order the 1891 goods, an oral promise by the defendant to pay for them was within the statute of frauds; as such request assumed the very point in issue, viz, that the materials were originally supplied on the credit of *S* and that he continued liable for them.

An express promise founded only on a past consideration, not moved by a previous request, will not support an action; but this rule has no application where, as in the present case, a recovery for goods sold is sought, not on the subsequent promise, but upon an original legal liability of which the promise was evidence in part.

A ratification of the unauthorized act of one assuming to do it as agent for the person ratifying, does not require any consideration moving to the latter. The action, in such a case, is founded on the original act, and the question of consideration can only be important with regard to that. It is otherwise, however, where there is no claim of agency, and the act ratified is that of a mere stranger, done on his own account and in his own name.

In an action for goods sold to the defendant through an agent it is unnecessary to aver in the complaint facts showing defendant's liability by an estoppel *in pais*, if the plaintiff does in fact claim and offer evidence of an original authority in the alleged agent to purchase the goods. The estoppel may be given in evidence, and, if found, the verdict may rest upon that ground. At common law an estoppel *in pais* was merely a mode of shutting off a defense, and was never regarded as in itself a substantive ground of recovery, to be pleaded by the plaintiff.

In declaring on an account stated for a sum certain, it is unnecessary to describe the terms or character of the original dealings out of which the account arose.

Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent.

The word relevant means that any two facts to which it is applied, are so related to each other that, according to the common course of events, one either taken by itself or in connection with other facts, proves or

renders probable the past, present, or future existence or non-existence of the other.

[Argued March 7th—decided April 5th, 1895.]

ACTION upon the common counts to recover for goods, wares and merchandise, sold and delivered, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J. ;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The bill of particulars consisted of charges for goods sold, running from June, 1890, to June, 1891, with certain credits. The answer set up payment as to all charges made in 1890, and denied liability for those charged in 1891. The reply admitted the payment pleaded.

The plaintiff was a dealer in building materials, and the goods were of that kind, and were furnished on the order of one Simeon Plumb, for use in the construction of eight houses. The payments made were for goods which went into three of these houses, which were owned by the defendant, and these goods he had authorized Simeon Plumb to buy for that purpose. As to the other five houses, the defendant offered evidence to prove that Simeon Plumb had contracted with third parties, on his own account, to build them on their land ; that he (the defendant) agreed to advance him enough money to meet his weekly pay-rolls, for which he was to be repaid with interest out of the first payments made on the building contracts; and that about April 15th, 1891, having made such advancements and not having been repaid, he obtained, for his protection, from Simeon Plumb assignments of all moneys due or to become due to the latter, under the contracts, on which he made sundry collections ; but that he did not assume the contracts, or enter into any obligations to the plaintiff.

*George P. Carroll*, for the appellant (defendant).

I. In assumpsit a party's books are admissible in his favor simply to prove the delivery of the articles, and not to show upon whose credit they were sold. Such is the full extent of

the necessities of the circumstances in selling goods.   To hold otherwise would be to permit a party to manufacture evidence against another in his absence, and to involve him in a contract in a way exceedingly difficult to combat.   *Keith* v. *Kibbe*, 10 Cush., 35 ; *Gorman* v. *Montgomery*, 1 Allen, 416 ; *Somers* v. *Wright*, 114 Mass., 174 ; *Field* v. *Thompson*, 119 id., 151 ; *Fiske* v. *Allen*, 40 N. Y., 76 ; *Block* v. *Fizer*, 10 Heisk., 48 ; Abbott's Trial Ev., p. 302 ; 1 Green. Ev., § 117.

II.   Evidence showing that the defendant paid for certain bills of goods, and the circumstances of such payments, including the defendant's promises to pay and delays in payment, is no legal evidence against his, tending to show that he ordered and ought to have paid for certain subsequent goods, the purchase of which he disputes.   *Green* v. *Disbrow*, 56 N. Y., 334 ; *Bonynge* v. *Field*, 81 id., 159.   In his answer, admitted by the plaintiff to be true, the defendant laid all items in the bill of particulars prior to January 1, 1891, outside of the pleadings.

III.   Simeon Plumb's declarations, in the absence of the defendant, to the effect that the latter was his principal or partner, are clearly inadmissible to prove any such relations. *Fitch* v. *Chapman*, 10 Conn., 12 ; *Butte Hardware Co.* v. *Wallace*, 59 id., 336 ; *Strong* v. *Smith*, 62 id., 39.   It is equally well settled that where *A* is admittedly constituted *B's* agent for a special or a limited purpose, the declarations of *A* are not competent to prove a larger or a more general agency. *Starkweather* v. *Goodman*, 48 Conn., 101 ; *Bristol Knife Co.* v. *First National Bank*, 41 id., 421 ; *Mussey* v. *Beecher*, 3 Cush., 511 ; *Lowell Five Cents Savings Bank* v. *Winchester*, 8 Allen, 109 ; Mechem on Agency, § 100 ; Story on Agency, §§ 134 and 135.   This erroneous introduction of evidence is not made innocuous by the further statement that the defendant admitted his liability for the goods charged prior to January 1, 1891, and paid for them.   This was simply an admission of his liability for the materials for the three houses, and that Simeon Plumb was his agent to that extent. To give such an admission any greater effect would be to hold that an agency for one purpose is evidence, and even

that it is conclusive evidence, of an agency for another purpose.

But the evidence was inadmissible on another ground. The complaint alleged a contract directly with the defendant. This evidence tended to show a sale at the instance and request of a third person, who at best was agent of the defendant. Practice Act, Rule III., § 1; *Mills* v. *Swords Lumber Co.*, 63 Conn., 103.

IV. Evidence that Simeon Plumb was pecuniarily irresponsible, was irrelevant; it did not tend to show a sale of goods to the defendant. And it tended to prejudice the defendant's case with the jury. They would reason—in their own peculiar way—that as the plaintiff could not hope to get his money out of Simeon Plumb, the defendant ought to pay the bill. The error is vital. *Green* v. *Disbrow*, 56 N. Y., 334; *Hilton* v. *Scarborough*, 5 Gray, 422; *Atwood* v. *Scott*, 99 Mass., 177.

It was error for the court to allow the plaintiff's witnesses to repeat their version of conversations with the defendant, on rebuttal. This is quite a novel way " to open and close." It splits up the case and gives the plaintiff the benefit of last impressions with the jury as well as of first impressions. *Gilpins* v. *Consequa*, 3 Wash. C. C., 185; *Hathaway* v. *Hemingway*, 20 Conn., 195; *Jacques* v. *Bridgeport Horse Railroad Co.*, 41 id., 67; *York* v. *Pease*, 2 Gray, 282; *Parmenter* v. *Coburn*, 6 Gray, 509.

It certainly does not appear but what the defendant may have been harmed by these erroneous rulings of the court, and that is enough to entitle him to a new trial. *Peck* v. *Pierce*, 63 Conn., 319; *Richmond* v. *Stohle*, 48 id., 22; *Jacques* v. *Bridgeport Horse Railroad Co.*, 41 id. 61.

V. The court erred in failing to charge that it was the duty of the plaintiff to ascertain the extent of Simeon Plumb's authority in respect to ordering materials for the five houses last constructed. *Bristol Knife Co.* v. *First National Bank*, 41 Conn., 421; *Morgan* v. *Farrell*, 58 id., 413; Mechem on Agency, §§ 276, 290; *Smith* v. *Kidd*, 68 N. Y., 130; *People* v. *Bank of North America*, 75 id., 547; *Ritch* v. *Smith*, 82

id., 627 ; *Rice* v. *Peninsula Club*, 52 Mich., 87 ; *Hurley* v. *Watson*, 68 id., 531 ; *Doxier* v. *Freeman*, 47 id., 647 ; *Reitz* v. *Martin*, 12 Ind., 306 ; *Dickinson* v. *Miss. Valley Ice Co.*, 41 Iowa, 286 ; *Fisher* v. *Schiller Lodge*, 50 id., 459 ; *Gano* v. *Chicago, etc. R. R.*, 49 Wis., 57 ; *Donaldson* v. *Porter*, 57 Ill., 300 ; *Chaffee* v. *Stubbs*, 37 La. Ann., 656.

It was the duty of the court to instruct the jury what particular conduct, words, and act of the defendant, as to which there was evidence one way or the other in the case, would justify the plaintiff in assuming that the defendant was responsible for all bills contracted for by Simeon Plumb. *Morriss* v. *Platt*, 32 Conn., 75 ; *City of Hartford* v. *Champion*, 58 id., 276 ; *Tompkins* v. *West*, 56 id., 478.

VI. The oral promise of the defendant to pay for any material ordered by Simeon Plumb for the last five houses, was the promise to pay the debt of another, void under the statute of frauds, and was therefore insufficient as a basis for the assumption that the defendant was liable for more than the first three houses. *Brightman* v. *Hicks*, 108 Mass., 246.

VII. The defendant's promise being founded on a past consideration without any antecedent request from him, could not sustain an action. *Eastwood* v. *Kenyon*, 11 Ad. & E., 438 ; *Boscovia* v. *Thomas*, 3 id., N. S., 234 ; *Chamberlain* v. *Whitford*, 102 Mass., 450 ; *Mills* v. *Wyman*, 3 Pick., 207 ; *Green* v. *First Parish in Malden*, 10 id., 500 ; *Johnson* v. *Johnson, Adm'r*, 31 Pa. St., 450 ; *Summers* v. *Vaughn*, 35 Ind., 323 ; *Hopkins* v. *Richardson*, 9 Grat., 485 ; *Hare on Contracts*, pp. 239–260 ; *Cook* v. *Bradley*, 7 Conn., 57 ; *Stone* v. *Stone*, 32 id., 144 ; *Bulkley* v. *Landon*, 2 id., 404 ; *Clement's Appeal from Probate*, 52 id., 476.

VIII. The court erred in its charge concerning ratification. To hold the defendant liable upon this ground, it is necessary to show a voluntary acceptance by him of benefits, at a time when it is open to him to accept or reject, or some other legally valid consideration connected with the ratification or the promise.

An examination of the cases will show that to constitute a ratification there must be all the elements of a valid con-

tract or of an estoppel. *Hamlin* v. *Sears*, 82 N. Y., 327 ; *Wakeman* v. *Wright*, 33 Ohio St., 405 ; *McHugh* v. *County of Schuylkill*, 67 Pa. St., 391; *Corser* v. *Paul*, 41 N. H. 24; *Casco Bank* v. *Keene*, 5 Me., 103 ; *Crout* v. *De Wolf*, 1 R. I., 393 ; *Charles River Bank* v. *Davis*, 100 Mass., 413 ; *Hamerslough* v. *Chatham*, 84 Mo., 13 ; *Owsley* v. *Phillips*, 78 Ky., 517 ; *Living* v. *Wiler*, 32 Ill., 387 ; *Fogel* v. *Schmalz*, 92 Cal., 412 ; *Brook* v. *Hook*, L. R., 6 Ex., 89 ; *McKenzie* v. *British Linen Co.*, L. R., 6 App. Cas., 82. Ratification in the vast majority of instances is implied rather than express, and contains the elements of estoppel or general assumpsit. Mechem on Agency, §§ 146–150. There is no evidence showing that the defendant, with contemporaneous knowledge, received the benefits of the articles purchased by Simeon Plumb, or that he had the means of restoring them to the plaintiff. Hence there could be no ratification by him. *Schutz* v. *Jordan*, 32 Fed. Rep., 55 ; *Turney* v. *Town of Bridgeport*, 55 Conn., 412 ; *Monroe* v. *Butt*, 8 E. & B., 738 ; *Smout* v. *Isberry*, 10 M. & W., 1. Our decisions accord with the foregoing principles. *Johnson* v. *Smith*, 21 Conn., 627, 635 ; *Union Bank* v. *Middlebrook*, 33 id., 95 ; *Dunn* v. *Hfd. & W. H. R. R. Co.*, 43 id., 434 ; *Starkweather* v. *Goodman*, 48 id., 101 ; *Turney* v. *Bridgeport*, 55 id., 412 ; *Stanton* v. *N. Y. & Eastern R. R.*, 59 id., 272 ; *Ansonia* v. *Cooper*, 64 id., 536 ; *Loomis* v. *Newhall*, 15 Pick., 159 ; *Wiggins* v. *Keizer*, 6 Ind., 252; *Roberts* v. *Griswold*, 35 Vt., 499.

*Henry T. Shelton*, for the appellee (plaintiff).

I. In book debt, by statute, the entries of the parties in their respective books, are admissible generally. In this State they are likewise admissible, to the same extent, in assumpsit. *Smith* v. *Law*, 47 Conn., 433, 435.

II. The evidence of transactions before January 1, 1891, was clearly admissible, to show the actual relations of the parties and the extent of Simeon Plumb's authority; for the purpose of substantiating the plaintiff's claim that said Plumb was the defendant's duly authorized agent in the purchase of goods after January 1st; and it was also admissible as

tending to show the defendant's means of knowledge of the
acts ratified by him, as claimed by the plaintiff. In any
event, as the defendant admitted his liability up to January 1st, he cannot have been harmed by the admission of
this evidence.

III. Evidence of the plaintiff's conversation with Simeon
Plumb was admissible against the defendant, after the agency
had been proved to exist. It was not admissible as evidence
of the agency, and was expressly limited to its legitimate use
by the court in its charge. Moreover it is not error for the
court to admit proof of the declarations of an agent before
the agency is proved. The order of proof is matter of discretion. *Stirling* v. *Buckingham*, 46 Conn., 461.

IV. Evidence of the pecuniary condition of Simeon Plumb
was relevant. *Miller* v. *Brown*, 47 Miss., 504; *O'Brien* v.
*Norris*, 16 Md., 122; *Inglis* v. *Usherwood*, 1 East, 524.

·V. It is within the discretion of the trial court to allow a
witness to be called on rebuttal to contradict testimony of
the other side. Wharton on Evidence, §§ 572, 574; *Osborne* v. *O'Kelly*, 34 N. J. Eq., 66; *Jacques* v. *R. R. Co.*, 41
Conn., 67 ; *York* v. *Pease*, 2 Gray, 283.

VI. The court committed no error in refusing to charge
as requested by the defendant, nor in charging as he did.
So far as the requests of the defendant contained sound rules
of law the court responded to them ; but many of them, while
not absolutely incorrect, were misleading and ignored important features of the plaintiff's case ; and so were properly
refused by the trial court.

BALDWIN, J. There was no error in permitting the plaintiff to put his shop-books in evidence, for the purpose of
proving not only that the goods therein charged to the defendant were sold and delivered, but that they were sold to
the defendant. General Statutes, § 1041, provides that "in
all actions for a book debt, the entries of the parties in their
respective books shall be admissible in evidence." They are
admissible as tending to show the truth of the statements
entered. Entries of sales to the defendant tended to prove

that such sales had been made to him. *Smith* v. *Law*, 47 Conn., 431. The statute, in its original form, was applicable only to an action peculiar to the jurisprudence of Connecticut, that of debt on book. Statutes, Ed. 1821, 93. In such a proceeding, the party's books were deemed the principal and most satisfactory evidence, his own testimony being received merely as suppletory. Swift's Evidence, 81; *Terrill* v. *Beecher*, 9 Conn., 344; *Butler* v. *Cornwall Iron Co.*, 22 id., 335, 360. The Practice Act (§ 31) made them admissible in all actions for the recovery of a book debt. It is a legitimate exercise of legislative power to give greater effect to any particular kind of evidence than it possessed at common law. *State* v. *Cunningham*, 25 Conn., 195, 203.

The entries of the sales charged in 1890, and the testimony with respect to Simeon Plumb's statements, when he gave the first order, that he was acting for the defendant, and desired the charges made to him, and a pass-book kept for him, and of the defendant's promises made in 1890 to pay for the goods then charged, and his request that the pass-book might be left with him for examination, were properly received, notwithstanding the fact—that such payment was admitted by the pleadings. They were evidence of the manner in which the dealings between the parties commenced, and that the defendant recognized the authority of Simeon Plumb, at one time, to act as his agent in ordering goods of the plaintiff. The plaintiff's claim was that such an agency existed in 1890, and continued unchanged till June, 1891. The evidence in question was relevant, not because it supported the plaintiff's allegations as to an indebtedness for goods sold in 1890, since his reply admitted that no such indebtedness existed; but because it tended to support a recovery for the later charges, by showing the circumstances under which the goods were sold, and the appearance of authority which the defendant had given to Simeon Plumb to buy them on his behalf.

The court was fully justified in admitting proof of the declarations of Simeon Plumb at the time of the first purchases, though made in the defendant's absence, as to his

right to act for the defendant, in view of the fact that the defendant recognized the agency by calling for the pass-book and paying for the goods so ordered. The jury might fairly infer from his conduct that he had authorized Simeon Plumb to make the declarations in question, for they were truly descriptive of the nature of his agency, as admitted by the defendant. As to how far, when received, they might be considered by the jury as proof of a larger agency than that which the defendant admitted, was another question, which was not brought up by an objection which related only to their admissibility.

The defendant contends further that as these declarations could only be important as tending to show sales to a prin-cipal through an agent, neither they nor any of the evidence relating to the agency of Simeon Plumb were admissible under the complaint, which was for goods sold to the defend-ant, and made no mention of the intervention of any agent in the transaction.

The rules under the Practice Act (Rule II., § 1, Practice Book, p. 12) allow the common counts to be " used for the commencement of an action, when any of these counts is an appropriate general statement of the cause of action," but provide that the defendant shall not be required to plead until the plaintiff files " a proper bill of particulars, or such further statement by way either of a substituted complaint, or of amendment, as may be necessary to show his cause of action as fully as is required in other cases; and such state-ment, where the demand is founded on an express contract, whether executory or executed, shall set forth the terms of the contract "; and that " where a bill of particulars only is filed, all the counts not applicable thereto shall be struck out by amendment."

The bill of particulars filed in the present case was appli-cable, so far as appeared upon its face, either to the third, fourth, sixth, or ninth of the common counts (Practice Book, p. 60, Form 85). The rule was not complied with by strik-ing out the other counts by amendment, but no objection was taken by the defendant on that account.

Under the ninth count, which was upon an account stated, it was unnecessary for plaintiff to allege the circumstances under which the indebtedness was contracted. Whether it was through the intervention of an agent or not was immaterial, so long as the account as rendered was accepted as correct by the defendant.

As respects the other counts, it should and, had the defendant demanded it, no doubt would have been specifically alleged that the indebtedness was contracted by Simeon Plumb, as agent for the defendant. Practice Book, p. 14, Rule III., § 1. No objection, however, was taken on this ground to the admission of any of the evidence as to the existence of such an agency. The general objection to the admission of Simeon Plumb's declarations as to the extent of his authority, made in the absence of the defendant, was evidently based on the ground that it was hearsay; and it is so treated in the reasons of appeal. It was not such as to direct the attention of the trial court to any question of variance, and that question, therefore, cannot now be raised upon it, here. Rule XVII., § 1; 58 Conn., 584.

At the close of the testimony the defendant asked that the jury might be instructed that there could be no recovery, under the pleadings, for any goods sold in 1891 on the order of Simeon Plumb, acting as or being his agent. Such an instruction was properly refused. The evidence of agency having been received without any objection on the score of ·variance, it was too late to ask the court, in its charge, to withdraw it from the consideration of the jury. At common law, a contract made by an agent could be declared on as if made directly by the principal. The Practice Act laid down a new rule; but it was one purely of form. If the bill of particulars did not give the defendant such information as he deemed necessary of the nature of the claim in suit, it was his duty to move to have it made more specific. His omission to do this was a waiver of the informality. *Vila* v. *Weston*, 33 Conn., 42, 48; *Nothe* v. *Nomer*, 54 id., 326; *Santo* v. *Maynard*, 57 id., 157.

The plaintiff was allowed, against the defendant's objec-

tion, to testify that Simeon Plumb was a man of no property, so far as he knew. It was not disputed that all the goods charged to the defendant had been ordered by Simeon Plumb, and sold on credit. The plaintiff claimed that he had extended this credit to the defendant, and was justified by the circumstances in so doing. The defendant denied that Simeon Plumb had any authority to buy on his credit the goods charged in 1891; and the main controversy was as to this point.

Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent. No precise and universal test of relevancy is furnished by the law. The question must be determined in each case according to the teachings of reason and judicial experience. Thayer's Cases on Evidence, 2, 3. "If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury." *Insurance Company* v. *Weide*, 11 Wall., 438, 440. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to ·practical rather than theoretical considerations. The guiding principle is well stated in Stephen's Digest of the Law of Evidence (Chap. 1, p. 36), in these words: "The word 'relevant' means that any two facts to which it is applied are so related to each other, that according to the common course of events one either taken by itself or in connection with other facts proves or renders probable the past, present, or future existence or non-existence of the other."

The jury, in the case at bar, were to determine whether it was probable that the plaintiff, after charging all the materials furnished on the order of Simeon Plumb, for the construction of three houses in Bridgeport, to the defendant as the principal for whom Plumb acted, and for whom it was not denied that he had authority to act, proceeded to furnish like materials for the construction of five other houses in

Bridgeport on the order of Plumb, and to charge them to the defendant, when he really gave credit to Plumb and dealt with him as the only party to the transaction. According to the common course of human conduct, a merchant is not likely to continue for several months to make almost daily sales on credit, of goods worth in the aggregate several hundred dollars, to a man who, so far as he knows, is destitute of any means to pay for them. *Inglis* v. *Usherwood*, 1 East, 515, 524; *O'Brien* v. *Norris*, 16 Md., 122, 7 Am. Dec., 284. If he has been selling to him the same line of goods previously, as an agent for a responsible principal, and claims that the sales in question were made in the same way, and under the same circumstances, any evidence which renders a change of credit improbable, is relevant to an inquiry as to whether such a change was made. We think the plaintiff's testimony, taken in connection with the other evidence already in the case, fairly tended to throw light on the matter in controversy, and was properly received.

The court erred in sustaining the plaintiff's objection to the introduction of the defendant's ledger, on which there were credits to the plaintiff for the goods furnished in 1890, but none for those furnished in 1891. Under General Statutes, § 1041, entries in the books of each party relative to such a transaction, are equally admissible. The objection, however, was subsequently withdrawn, and the ledger put in evidence. It is apparent that no injury could have resulted to the defendant from its temporary exclusion, and this consequently furnishes no ground of appeal.

Several witnesses testified in behalf of the plaintiff to conversations with the defendant in which he promised to pay the charges which were the subject of the action, and they declared that they gave all that he said on these occasions, which they remembered. The defendant afterwards testified that what they had stated was untrue, and that he did not make any such promises. The same witnesses were recalled in rebuttal, and after giving certain evidence proper at that stage of the case, were asked if they wished to change their testimony in chief, in view of the denials which had

been made. They did not profess that their remembrance had been refreshed in any way, since they had been on the stand before. The court admitted the inquiry, against the defendant's objection, and this is set up as a reason of appeal.

The finding does not show what answers were elicited. They may have been a simple negative. They may have been such as to modify materially the testimony which the witnesses had previously given. They may have been such as to repeat and amplify it. A witness who desires an opportunity to correct a statement which he has made upon the stand, in view of contradictory testimony subsequently introduced, has a right to be heard for that purpose; but it should be sought at the earliest convenient time. It does not appear how long the denial by the defendant was made before the close of the evidence offered in his behalf. It may be that nothing intervened between that and the testimony in rebuttal. The law leaves the order of the admission of testimony to be regulated by the discretion of the trial court. For aught that appears, this discretion was wisely exercised in this instance; but whether wisely or not, there is nothing in the record to take the case out of the ordinary rule that in such matters the decision of the trial court is not the subject of review.

The defendant asked the court to charge the jury that unless Simeon Plumb was actually authorized by him to order materials for the five houses not erected on his land, there could be no recovery for their price, if the plaintiff supplied them without inquiry of him as to the extent of Simeon Plumb's authority, but relied on the authority the latter had to order materials for the first three houses, or on what he declared his authority to be as respects the others.

This instruction was properly refused, since it failed to notice or explain the effect of a ratification by the defendant, or of an appearance of authority from him such as to raise an estoppel. The plaintiff claimed to recover on the ground both of an actual agency, and of acts, on the part of the defendant, which estopped him from denying such an agency,

and of a ratification ; and there was evidence in support of each of these claims, before the jury.

After explaining the claim of the defendant that the agency of Simeon Plumb was confined to the purchase of materials for the three houses first built, the court instructed the jury, that if such were its limits, then if the plaintiff dealt with Simeon Plumb without ascertaining the extent of his agency, he dealt with him at his peril; and that in determining whether Simeon Plumb was the defendant's agent throughout the transaction, they were not to consider the acts of Plumb as tending to prove that agency; but that authorization or ratification by the defendant could be proved only by his own acts and conduct. Exception is taken to these instructions because they did not sufficiently specify what conduct or acts on the part of the defendant would warrant the jury in finding the issue against him. The court had previously called their attention to all the testimony as to the acts and conduct of the defendant, and told them that it tended to support the plaintiff's claims; but that it was for them to say whether it proved them or not. There was no necessity for dissecting the plaintiff's evidence, and apportioning each item to the particular claim to which it might seem to the court most applicable. The general principles of law which governed the case were clearly stated, and the jury would have been confused rather than enlightened by any attempt to marshal the testimony in formal divisions. The defendant argues that the jury should have been told that the evidence of the authority from him to Simeon Plumb to buy materials for the first three houses, could furnish no basis for an inference that the plaintiff had a right to believe the agency extended to the other five. But, as we have already said, in discussing the admissibility of Plumb's declarations to the plaintiff when the first purchases were made, the manner in which the course of dealing between the plaintiff and Plumb began was one of the circumstances to be considered in determining what appearance of authority he had been given by the defendant. The question was not what inference it might warrant, standing alone, but what

inference might be warranted by the whole mass of evidence, of which it formed an indistinguishable part.

It is also urged that the jury should have been told that no conduct, acts or words of the defendant, after all the materials had been furnished, could be sufficient to lead the plaintiff to assume that the defendant was responsible, in such a way as to make him liable in this action. Such an instruction would have been misleading and improper. There was no claim that conduct or declarations after the goods were supplied could be the foundation of any estoppel; but it is obvious that they might amount to a ratification, and, if so, would tend directly to support a recovery.

The parties stipulated upon the trial that it should be taken as a fact that the last five houses were built under contracts between Simeon Plumb and the respective owners of the several lots on which they were erected, and that he received and receipted for their payments on these contracts until April, 1891, when he gave the defendant orders upon them to make all remaining payments to him. The defendant offered evidence tending to prove that Simeon Plumb asked him to advance the working capital for the construction of these five houses and divide the profits, which he declined to do; that he agreed to advance him, weekly, funds to pay the workmen, provided he would turn over to him the first payments on the contracts to such extent as might be necessary to reimburse him, with interest; that in April, 1891, becoming alarmed at the condition of their accounts, he got the orders above described, but did not assume the contracts; and that he never collected on the orders enough to pay him for his advances.

The defendant requested the court to instruct the jury that the plaintiff could have no greater rights of recovery by reason of the defendant's having obtained these orders. This instruction was properly refused. The evidence in question might fairly be weighed by the jury in determining whether these five building contracts were really, and from the beginning, those of Simeon Plumb, as the defendant claimed, or those of the defendant, as the plaintiff claimed.

The court properly declined to instruct the jury that un-
less Simeon Plumb was in fact authorized by the defendant
to order the materials furnished for the last five houses, any
oral promise to pay for them would ·be a promise to pay the
debt of another, and within the statute of frauds.   This
request necessarily assumed both that these materials were
originally supplied on the credit of Simeon Plumb, and that
he still continued to be a debtor for them.   *Dillaby* v. *Wil-
cox*, 60 Conn., 71.   But this was the very point in issue, and
the evidence upon which the plaintiff relied to support his
action tended to show not simply that the defendant had in
fact authorized the purchases in his behalf, but that, whether
this were so or not, he was estopped to deny the existence
of such authority, and had also ratified the transaction.

The same claim is presented in a different form by the com-
plaint that the jury were not instructed as requested, that no
oral promise by the defendant to pay for materials for these
five houses, which had been or were being ordered by Plumb
without authority from him, would be such conduct, acts or
words as would justify the plaintiff in assuming that the
defendant was responsible for the materials so ordered.   If
while they were being ordered in his name, the defendant
orally promised the plaintiff to pay for them, this would
plainly be evidence tending to justify the plaintiff in assum-
ing that the defendant was responsible as the real principal
in the transaction.

The defendant requested the court to instruct the jury
that if Simeon Plumb had in fact no authority to order the
materials for these five houses, the plaintiff could not recover
for anything furnished after notice of such want of author-
ity, nor for anything furnished before the defendant knew
that Simeon Plumb was buying, upon his credit, of the plain-
tiff for these houses.   This instruction was properly refused,
for it ignored the effect of a ratification, of which some evi-
dence had been submitted.   The defendant might have told
the plaintiff that Plumb had in fact no authority to contract
for him, and still have proceeded to ratify the purchases; nor

does the validity of a ratification depend on the time when the party ratifying learned of the transaction which is ratified.

The defendant asked the court to instruct the jury that the plaintiff could not recover on any promises made by the defendant to pay for materials previously sold and delivered on the order of Simeon Plumb, for use in the last five houses. There was no error in refusing to comply with this request. The complaint is not founded on any special promise. It rests upon a liability for goods bargained, sold and delivered, and materials furnished, and upon an account stated. The real importance of the promises which the plaintiff claimed that the defendant had made, was in their bearing upon the questions of ratification, acceptance of the goods, assent to the prices charged, and admission of the correctness of the account as rendered. A recovery was sought not on the promises, but for the purchases, to establish a liability for which the promises were proper evidence.

It is true that an express promise founded only on a past consideration, not moved by a previous request, will not support an action; but in the case at bar, not only is the action brought to recover for the consideration, but there was evidence, of which these promises formed a legitimate part, from which the jury had the right to infer a previous request, that is, a request by Simeon Plumb as the authorized agent of the defendant.

Exception is taken to a part of the charge in which the jury were told that their verdict should be for the plaintiff, if the defendant, by his acts and conduct, recognized the acts of Simeon Plumb as his own acts, although such recognition was after they were completed, and all the materials had been furnished and delivered. Upon this point, the plaintiff contends that a ratification, to support a recovery, unless brought in to make out an estoppel, must rest on a voluntary acceptance of benefits at a time when it is open to the party ratifying to accept or reject, or on some other legal consideration moving from the plaintiff. Such is not the law with respect to the ratification of an unauthorized act of one assuming to do it as agent for the party ratifying.    *Wil-*

*son* v. *Tumman*, 6 Mann. and Gr., 236, 241. The action, in such a case, is founded on the original act, and the question of consideration can only be important with regard to that. It is otherwise where there is no claim of agency, but the ratification is of the act of a mere stranger, done on his own account and in his own name. *Hamlin* v. *Sears*, 82 N. Y., 327, 331.

Of the other errors assigned, none seem to us to have sufficient merit to require their discussion, except one based upon the form of the complaint. This is, in substance, that under the charge the jury were at liberty to return a verdict for the plaintiff on the ground of an estoppel, precluding the defendant from denying that Simeon Plumb made the purchases in question as his agent, although the existence of such an estoppel had not been alleged.

The Practice Act allows acts and contracts to be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. (Practice Book, p. 14, Rule III., § 1.) The plaintiff's complaint alleges an indebtedness for goods sold. He was prepared to support it by evidence tending to show three things: that the goods were purchased for the defendant by an authorized agent; that they were purchased by one whom he had a right, from the defendant's conduct, to regard as his authorized agent; and that the defendant had confirmed the purchases by a subsequent ratification. It would not have been good pleading to set out the evidential facts, on which he relied to establish any of these positions. The legal effect of each was the same, in making the defendant a debtor to the plaintiff for the price of the goods.

At common law an estoppel *in pais* was never regarded as in itself a substantive ground of recovery, to be put forward in pleading as part of the plaintiff's case. It was merely a mode of shutting off a defense. A plaintiff who sued upon a cause of action, the existence of which the defendant was equitably estopped from denying, stated the facts necessary to constitute the cause of action in his complaint as if they

existed, and if a denial were pleaded, did not reply specially, stating the matter of estoppel, but simply introduced it in evidence to support his original averments. *Hawley* v. *Middlebrook*, 28 Conn., 527, 536.

It is unnecessary for us to determine what might have been the duty of the plaintiff, had he relied simply on a liability by estoppel, or simply on a liability by ratification. He did, in fact, claim an original liability, and in drafting his complaint might fairly regard the greater as including the less. No separate count, founded on the matter of estoppel, could have been added, for it would not have been for a separate and distinct cause of action, as distinguished from a separate and distinct claim for relief founded on the same transaction. (Practice Book, p. 12, Rule II., § 4.) *Craft Refrigerating Co.* v. *Quinnipiac Brewing Co.*, 63 Conn., 551, 561.

The Practice Act was adopted to promote simplicity rather than complexity in pleading. As it allows special replications and rejoinders to be filed, there is not the same reason which exists in some of the other States, in which a different system of code pleading is found, for anticipating defenses in the complaint, as is done in the charging part of a bill in equity. In actions for goods sold, the common counts may be used whenever they are " an appropriate general statement " of the cause of action. (Rule II., § 1, Practice Book, p. 12.)· They were such in the present case; and as the defendant did not move to have the statement made more specific, it is to be presumed, as has been already said, that it gave him all the information he deemed necessary for his protection.

There is no error in the judgment appealed from.

In this opinion the other judges concurred, except ANDREWS, C. J., who dissented as to the admissibility of the declarations of Simeon Plumb at the time of the first purchase.