JOHN J. SOMERS *vs.* WILLIAM .A. SOMERS.

Second Judicial District, Norwich, October Term, 1930.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and AVERY, Js.

Argued October 21st—decided November 17th, 1930.

*George H. Gilman,* for the appellant (plaintiff).

*Charles V. James,* with whom, on the brief, were *Thomas J. Kelly* and *Arthur M. Brown,* for the appellee (defendant).

HINMAN, J. The complaint as amended alleged that prior to July 10th, 1909, the plaintiff and the defendant were partners in the grocery business and in connection therewith were joint owners of leases of premises in Norwich known as 212, 214, and 216, and 218-224 Main Street; on that date the plaintiff sold to the defendant his interest in the grocery business but retained his interest in the leases, and October 11th, following, gave the defendant a power of attorney, made part of the complaint; that the defendant continued in possession of the premises as tenant until December, 1914, and thereafter as owner, made subleases and leases thereof and collected rents, but "has never accounted to the plaintiff therefor . . . and

has never accounted to the plaintiff for any acts done by him under the power of attorney." The relief claimed was an account, and judgment for the amount found due. The defendant, in addition to admissions and denials, pleaded the statute of limitations.

The material facts disclosed by the finding with such corrections as the appellant is entitled to, may be summarized as follows: Prior to July 10th, 1909, the parties were copartners in the grocery, meat and fruit business, in Norwich. On February 7th, 1905, Ida H. Werner leased to the plaintiff and defendant "copartners under the firm name of Somers Brothers" the premises 218, 220, and 224 Main Street, for a term expiring January 1st, 1913, with a privilege of renewal for five years. A part of these premises was occupied by Somers Brothers for their business; other parts of the building were rented to subtenants. On or about September 16th, 1907, Mrs. Werner also leased to them the premises 212, 214 and 216 Main Street, for a term expiring October 1st, 1917, with a privilege of renewal for five years. Somers Brothers occupied none of this latter building in connection with their market business, but rented it to others.

On July 10th, 1909, the plaintiff gave the defendant a bill of sale of all his "right, title and interest in and to the business heretofore conducted . . . under the firm name of Somers Brothers and located at Nos. 218 to 224 Main Street, 2 Franklin Street and 276 Central Avenue," including all the stock on hand, fixtures, horses and vehicles, "together with all book accounts, claims and rights of action incident to said business." The defendant subsequently paid the plaintiff the agreed consideration for this transfer. Upon the delivery of the bill of sale the defendant took over the business and thereafter, until December 19th, 1914, continued to occupy the premises described in the

leases as sole tenant, paid the rent, and collected the rents therefrom.

On or about May 1st, 1909, without the knowledge of the plaintiff, the defendant and Mrs. Werner, the lessor, entered into a written agreement whereby the latter contracted to convey to the defendant, for an agreed consideration, on or before July 15th, 1909, the premises covered by the above-mentioned leases. This agreement was recorded in 1911. On December 19th, 1914, the defendant purchased the property, taking the title in his own name, and since that date has been in possession of the premises as owner, renting the same in his own name, collecting the rents and appropriating them to his own use. The plaintiff knew of the purchase of the premises by the defendant, not later than February, 1915, but did not communicate with him concerning it or mention it on occasions when they met.

After executing the bill of sale to the defendant the plaintiff at no time contributed toward the payment of the rent of the premises, or mentioned the matter to the defendant, or made any demand for any part of the rents received, until the summer of 1915, when he made such a demand, to which the defendant replied that he had acquired the plaintiff's interest in the leases, by the bill of sale. From the time of that declaration the plaintiff took no action to establish his claimed right to share in the rents and profits, under the leases or otherwise, until this suit was commenced —December 16th, 1929.

The first conclusion drawn by the trial court from the subordinate facts was that the effect of the delivery of the bill of sale was to transfer to the defendant all the plaintiff's interests in the property described in the leases and to terminate their partnership relation, from and after July 10th, 1909. The circumstances

and the long-continued conduct of the parties following the delivery of the bill of sale are significant of an intent to convey thereby all of the plaintiff's right, title and interest in and under the leases, as well as the partnership property directly employed in the market business, and must be taken into account in construing the conveyance and determining its scope and effect. These considerations suffice to vindicate the construction adopted and the conclusion in question, and this in turn, supports the judgment rendered—at least so far as concerns these premises.

Since, it follows, the plaintiff's interest terminated on July 10th, 1909, there is no occasion to determine the soundness of the further conclusion of the trial court that, even had it been found that, as the plaintiff alleged, he retained his interest in the leases, his right of action for an accounting of rents and profits was barred by limitation, no action having been brought within six years after its accrual, which could not be later than 1915, when the plaintiff's claim of such interest was definitely denied and repudiated by the defendant. *Cone* v. *Dunham,* 59 Conn. 145, 158, 20 Atl. 311; *Wilmerding* v. *Russ,* 33 Conn. 67, 77; *Hart's Appeal,* 32 Conn. 520, 537; *Nichols* v. *Nichols,* 79 Conn. 644, 657, 66 Atl. 161; General Statutes, § 6005. Even if, as the appellant claims, the fifteen-years limitation, under § 6004 of the General Statutes, applied, it would have run from July 10th, 1909, and expired long before this action was instituted.

The remaining assignments of error relate to the contention of the appellant that, under the allegations of his complaint, he was entitled to offer evidence for the purpose of obtaining an accounting for rents and profits as to other properties than the Main Street premises covered by the two leases. The complaint as originally framed mentioned, specifically, only the

premises covered by the lease of 212, 214, 216 Main Street. In the course of the trial the plaintiff, at the suggestion of the court, filed an amendment adding the premises 218-224 Main Street, covered by the other lease, and was then permitted to introduce this lease and evidence as to the premises leased thereby. Subsequently he offered evidence pertaining to property on Myers Alley, in Norwich, and in Greeneville which, upon objection, the court excluded, ruling that "in the present state of the pleadings" evidence would not be received as to real estate other than the Main Street property mentioned in the complaint and amendment. The plaintiff claimed, then and on this appeal, that he was entitled to prove a right to an accounting for the rents and profits as to any property dealt with by the defendant under the general terms of the power of attorney, which authorized the defendant, *inter alia,* to "receive, collect, and receipt for all . . . rents and moneys whatever due or to become due" to the plaintiff. We are unable to hold that the trial court was mistaken in the view, signified by its ruling, that the fair import of the complaint was that it concerned only the leased property on Main Street, that the annexation of the power of attorney was auxiliary to the purpose of seeking an accounting regarding those premises, and that the allegations were not such as to fairly apprise the defendant that accounting for other acts under the power of attorney was to be sought thereunder. Objection was seasonably made; fair opportunity, supplemented by suggestion, was afforded the plaintiff, to so amend his complaint as to permit of the more extended inquiry, but was not availed of; suit for accounting as to matters held not to be within the scope of the present action is not foreclosed by the judgment herein. The ruling was not erroneous. Section 181, Rules, Practice Book, p. 283; *Woodruff* v.

*Perrotti*, 99 Conn. 639, 644, 122 Atl. 452; *Plumb* v. *Curtis*, 66 Conn. 154, 173, 33 Atl. 998.

There is no error.

In this opinion the other judges concurred.