[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move to strike; Practice Book 152 the plaintiff John Graubard's entire amended complaint on three grounds: (i) failure of any of the four counts of the complaint to allege or state a cognizable cause of action; (ii) statute of limitations as to the second count; and (iii) that the second count improperly joins two causes of action in the same count.
The defendants in this action are Peter and Ellen Rankin and George Spadero. The case arises out of a loan by Connecticut National CT Page 1495 Bank (CNB) to Peter Rankin and Spadero in the amount of $630,000. The note was not paid in a timely fashion and CNB sued the two obligors on the note as will as Peter's wife Ellen, on the grounds that Peter had fraudulently conveyed certain real estate to her. The plaintiff John Graubard was the attorney representing these defendants. CNB obtained a judgment against Mr. Graubard's clients in the amount of $630,000. Mr. Graubard subsequently paid $132,000 of his own personal funds to CNB on account of said judgment and now seeks to recover this amount from the defendants.
The action began with a complaint dated February 4, 1987, and thereafter an amended complaint dated July 18, 1989 was filed. The complaint contains four counts. Count One claims that the defendants are obligated to the plaintiff under a theory of "subrogation". Count Two asserts that the defendants were negligent in failing to repay CNB the amounts owed it, and further claims that the plaintiff is entitled to be "indemnified". Count Three claims that the plaintiff is entitled to judgment because of "unearned enrichment". Count Four claims a "constructive trust" by reason of the plaintiff having paid $132,000 to CNB for the benefit of Rankin and Spadero.
The functions of a motion to strike have been discussed many times by our appellate courts. The motion is used to test the legal sufficiency of the allegations of a complaint, as well as the improper joining of two or more causes of action in one complaint. The motion admits all facts well pleaded, and the court is limited to those facts alleged in the complaint, which must be construed in the manner most favorable to the pleader. If the facts provable under the allegations of the complaint support a cause of action, the motion to strike must fail. Thus the sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. See generally Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Alarm Applications Co., Inc. v. Simsbury Volunteer Fire Co., Inc., 179 Conn. 541, 551, 427 A.2d 822 (1980).
Before considering these four counts of the complaint in order to analyze whether any one or more of them states a cognizable cause of action, the plaintiff argues that the motion to strike has not cause filed in a timely and proper fashion. The defendants filed an answer, special defense and counterclaim on July 31, 1987 to the plaintiff's original February 4, 1987 complaint, and they also filed an "amended answer" on March 26, 1988. This all transpired, however, before the plaintiff filed an amended complaint dated July 18, 1989. According to Royce v. Westport, 183 Conn. 177, 178, 439 A.2d 298 (1981), the filing of the new complaint effectively withdraws the original pleading and becomes "the controlling pleading and the earlier one was removed from the case". Since the defendants have not filed an answer to the amended complaint, they have the right to file a motion to strike the amended complaint. Practice Book 112, 113.
First, as to the cause of action regarding subrogation, one CT Page 1496 starts with the proposition that no agreement concerning subrogation exists between the plaintiff and the defendants, and recognizing this, the plaintiff claims an equitable right to subrogation. This doctrine was addressed in Home Owners' Loan Corporation v. Sears Roebuck Co.,123 Conn. 232, 238, 193 A. 769 (1937). "Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality . . . Subrogation is . . . a remedy which equity to aid in the enforcement of a right either legal or equitable" Equitable subrogation was described in 73 Am. Jur.2d, Subrogation, 3, as a creature of equity and not dependent on "contract, assignment or privity".
The defendants, on the other hand, rely on Ericson v. Foote,112 Conn. 662, 666, 153 A. 853 (1931), which holds that one who is under no obligation to make a payment, and hence is a "volunteer", is not entitled to subrogation. However, Home Owners' Loan Corp., supra, 238, in referring to the Foote case, stated that "for the most part" it represents an older view which has been "modified". In the Home Owners' case plaintiffs who held a mortgage were mistakenly put in a secondary position when the defendant', lien was overlooked and the defendant moved to foreclose his lien, knowing of the mistake. The court held that the plaintiffs were not to be regarded as mere volunteers, and that the defendant's claim that either a duty or an agreement is necessary to support a claim in subrogation was not correct.
The elements of a subrogation claim were set forth in 73 Am. Jur. 2d, Subrogation, 11, as follows: (i) a debt exists for which someone other than the subrogee is primarily liable; (ii) the subrogee discharges the debt for the protection of his own rights or interests, or at the request of the debtor or (iii) the funds of the person seeking subrogation have been wrongfully applied; or (iv) a third person receives a benefit. This same annotation points out that "the fact that money is advanced to pay another's debt is not sufficient . . . The one seeking subrogation must be something more than a mere volunteer or intermeddler".
The plaintiff argues in his memorandum of law in opposition to the motion to strike that he partially discharged the debt owed to CNB by Rankin and Spadero because of a legal obligation based on a contract executed on October 7, 1986. However, the complaint makes no mention of this contract nor does the plaintiff allege any relationship between himself and either the defendants or the bank. The plaintiff is thus arguing facts in his memorandum which have not been pleaded and therefore may not be considered in connection with the motion to strike. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 183, 415 A.2d 771 (1979).
The plaintiff also argues that he has pleaded the "legal effect" of the acts alleged in accordance with Practice Book 109. However, "the allegations [must]: fairly apprise the defendant" of the state of the facts, Somers v. Somers, 112 Conn. 364, 369, 152 A. 142 (1930). In this case I do not believe the facts alleged by the plaintiff have CT Page 1497 at this point reached the level mandated by the Somers case. The amended complaint does not allege any duty to pay the debt of the defendants. Although the plaintiff argues in his brief that he had such a legal duty pursuant to contract, as well as an interest to protect pursuant to his "fear of being sued for malpractice" both of these claims are outside the scope of the complaint as presently drafted and therefore are improper. At this stage of the pleadings the amended complaint only alleges in effect that the plaintiff voluntarily paid money to CNB and thus does not set forth a valid claim of subrogation.
The allegations in Counts Three and Four involving "unearned" enrichment and constructive trust also fail to plead properly these respective causes of action.
Unjust enrichment is an equitable principle which arises in a situation in which "it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff". National CSS, Inc. v. Stamford, 195 Conn. 587, 597,489 A.2d 1034 (1985). Unjust enrichment arises not only where an expenditure by one person adds to the property of another, but also where the expenditure saves the other from expense or loss. 66 Am. Jur.2d, Restitution and Implied Contracts, 3. One unjustly enriched "should be required to make restitution of or for property received, retained or appropriated. Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215 (1959).
The defendants argue that the plaintiff voluntarily paid the debt, and as stated in 66 Am. Jur.2d, Restitution and Implied Contracts, 5, p. 948:
 Policy ordinarily requires that a person who has conferred a benefit either by way of giving another services, or by adding to the value of his land, or by paying his debt or even by transferring property to him should not be permitted to require the other to pay therefor, unless the one conferring the benefit had a valid reason for so doing.
 Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The rule denying restitution to officious persons has the effect of penalizing those who thrust benefits upon others and protecting persons who have had benefits thrust upon them. . . . (emphasis added).
 However, where a voluntary benefit is conferred upon another under circumstances making such action necessary for the protection of the interests of the other or of third persons, restitution may be allowed. Indeed, according to the American CT Page 1498 Law Institute, there are many circumstances under which restitution may be allowed for services performed or things supplied without request, knowledge, or consent.
The general rule is also outlined in Restatement of the Law of Restitution, 112 as follows:
 A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons.
While the plaintiff alleges that he should be reimbursed in order to avoid the "unearned enrichment" of the defendants, the plaintiff has failed to allege that the defendants were "unjustly" enriched by his payment of $132,000 to the bank. Hence as presently constituted, Count Three does not plead a cause of action in unjust enrichment.
A constructive trust is an equitable remedy. Hunter v. Hunter,41 Conn. Sup. 289, 294, 570 A.2d 246 (1990). Its purpose is to prevent unjust enrichment. Filosi v. Hawkins, 1 Conn. App. 634, 638-39,474 A.2d 1261 (1984):
 A constructive trust arises "`contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not in equity and good conscience, hold and enjoy."' Zack v. Guzauskas, 171 Conn. 98, 103, 368 A.2d 193 (1976). Spatula v. Spatula, 4 Conn. App. 79, 81, 492 A.2d 518 (1985).
 "`A constructive trust is the formula through which the conscience of equity finds expression. When the property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'. . . The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . .Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that CT Page 1499 he would be unjustly enriched if he were permitted to retain it." (citations omitted.) Cohen v. Cohen, 182 Conn. 193, 203, 438 A.2d 55 (1980). Before a constructive trust can be created, however, there must be a duty owed, or a fiduciary or otherwise special relationship between the parties. Downey v. Downey, 1 Conn. App. 489, 495, 472 A.2d 1296
(1984); CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555, 559, 426 A.2d 819 (1981). (emphasis added) Filosi v. Hawkins, supra, 638-639.
The plaintiff has not alleged in his complaint a duty owed, nor has he alleged a fiduciary relationship. In the absence of these required allegations, the plaintiff has not properly pleaded a cause of action calling for the imposition of a constructive trust.
Additionally, Filosi, Id. 639, also states that [t]o impose a constructive trust, there must also be a finding that the plaintiff was unjustly enriched . . . Two elements must be demonstrated: that the plaintiff was benefited and that the benefit was unjust."
There is an additional reason for striking the second count of the complaint in which the plaintiff alleges that by virtue of "negligence' and/or "carelessness" the defendants refused or failed to pay the loans in question to CNB.
These allegations of negligence on the part of the defendants represent new facts not contained in the original complaint. The act which gives rise to plaintiff's claim of negligence is separate and distinct from the acts alleged in the original complaint and thus attempts to state a new cause of action, and one which does not relate back to the original complaint filed on February 4, 1987. The amended complaint claiming negligence was not filed until July 20, 1989, and is thus time-barred by reason of General Statutes 52-584. "To relate back to the institution of the action, the amendment must arise from a single group of facts." Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974).
In addition, the second count properly joins two causes of action — negligence and indemnification — in the same count. Practice Book 152(4).
For these reasons the defendants' motion to strike all four counts of the plaintiff's amended complaint is granted.
SO ORDERED.
Dated at Stamford, Connecticut this fourth day of February, 1991.
LEWIS, J. CT Page 1500