GEORGE J. BASSETT, BANK COMMISSIONER, *vs.* PALLOTTI, ANDRETTA & COMPANY, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 4th—decided June 13th, 1933.

*Bernard E. Dubin,* with whom was *Morris Older,* for the appellant (receiver).

*Thomas D. Gill,* with whom, on the brief, was *Benedict M. Holden,* for the appellee (applicant).

AVERY, J. The petitioner brought this application to compel the receiver of Pallotti, Andretta & Company, Inc., to reconvey to her four parcels of real estate, situated in Hartford and Avon, and to clear a cloud from the title thereto.

From the finding it appears that the petitioner was the daughter of Nicholas Pallotti who, in 1898, founded

a private banking house in Hartford. On his death, in 1914, she received considerable money from his estate with which she purchased four parcels of land; three in Hartford and one in Avon. She married Antonio Andretta who, after their marriage, became associated with the bank and later its general manager until his death in 1929. Some time before his death, he caused the bank to be incorporated as Pallotti, Andretta & Company, Inc. On occasions, before her husband's death, she had loaned him her real estate in order to strengthen the affairs of the bank and, subsequently, the properties had been returned to her. After the death of his father, their son, Salvatore, became president of the bank. Felicia Andretta was not indebted to it, nor was she a stockholder therein or active in its management, nor did she have any personal knowledge of its condition.

In 1930, owing to the failure of another private banking house in Hartford, a run started on Pallotti, Andretta & Company, Inc., and continued until its quick assets were largely depleted. Conferences were had between Salvatore Andretta, the bank commissioner and other banks with a view to providing funds to enable it to meet the demands being made upon it; and it was proposed that the Andretta family should buy from the bank two thousand and fifty-one shares of the stock of the Riverside Trust Company, which it owned, the cash for the purchase to be obtained by the Andrettas by a loan from other banks in Hartford, for which the stock of the Riverside Trust Company was to furnish collateral. In order to obtain the loan in the amount desired, Salvatore suggested to his mother that she turn over her properties to Pallotti, Andretta & Company, Inc., to be used as further collateral for the loan which the banks were to make upon the Riverside Trust Company's stock; and informed her that

when the affairs of Pallotti, Andretta & Company, Inc., were adjusted, her properties would be returned to her. On December 16th, 1930, for the sole purpose of aiding in the procurement of the loan for the benefit of Pallotti, Andretta & Company, Inc., she executed deeds of her properties to it; and, at the same time, Salvatore, as its president, executed an instrument on its behalf acknowledging the receipt of the properties from his mother, and further reciting that the conveyance was without consideration, and that the properties were to be returned to her when the purposes of the conveyance were performed. After these papers were executed, the deeds were delivered at the office of the bank commissioner to enable him to investigate and appraise the properties in order that he might determine whether they were of sufficient value to warrant his approval of the arrangements for the loan.

Pending his investigation, the Riverside Trust Company was, on December 23d, 1930, by order of the bank commissioner, restrained from further transacting business, and placed in the hands of a receiver; the negotiation for the loan upon its stock consequently collapsed, and the Andretta family was unable to raise the funds necessary to complete the purchase. As the result of the failure of these negotiations and before he had completed his investigation of the value of Mrs. Andretta's property, the bank commissioner, on December 23d, 1930, caused the issuance of a restraining order against Pallotti, Andretta & Company, Inc., and it ceased doing business on that day, and was subsequently placed in the hands of a receiver. Thereafter, the deeds from Mrs. Andretta came into the possession of the receiver, who caused them to be recorded, and she brought this present petition for an order of the court to compel the receiver to reconvey the properties to her. Deposits were made with and accepted by Pal-

lotti, Andretta & Company, Inc., between December 16th, 1930, when her deed to it was executed, and December 23d, 1930, when the company was restrained from further business by order of the bank commissioner; but it does not appear that any of these deposits were made upon the faith of its owning her property or could have been so made, as the deeds from her were not then of record but were in the hands of the bank commissioner pending his investigation of the value of the properties.

The appellant has requested certain additions to and corrections of the finding as made, but no correction is permissible by which the appellant's position would be advantaged. The facts present a case of the conveyance of real property without consideration and for a particular purpose. When the purpose for which the conveyance was made has been fulfilled or, as in this case, has been frustrated, the law presumes an agreement upon the part of the grantee to reconvey the property to the grantor. Such a presumed agreement gives rise to a resulting trust. Eaton, Equity (2d Ed.) 362, 364; Bogert, Trusts, 94; Bispham, Equity (11th Ed.) § 65; 1 Perry, Trusts (7th Ed.) §§ 159 and 160. The quitclaim deed stated a valuable consideration, which is sufficient to rebut the presumption of such a trust resulting at the time the deed was made. *Belden* v. *Seymour,* 8 Conn. 304, 312; *Andrews* v. *New Britain National Bank,* 113 Conn. 467, 470, 155 Atl. 838. The nature of the trust which the law implies from the circumstances is not changed because the parties have actually made an agreement between themselves precisely identical with the one which the law imputes to them. *Corr's Appeal,* 62 Conn. 403, 408, 26 Atl. 478; *Barrows* v. *Bohan,* 41 Conn. 278, 283; *Fox* v. *Shanley,* 94 Conn. 350, 356, 109 Atl. 249. That such an agree-

ment is not in writing does not prevent the trust arising. *Wilson* v. *Warner,* 84 Conn. 560, 564, 80 Atl. 718.

The claim of the respondent that Salvatore Andretta was not authorized by the directors of the corporation to execute, on its behalf, the agreement to reconvey is without force. The corporation or its receiver cannot appropriate the benefits of a contract made by Salvatore with his mother and repudiate the obligations entered into by him in connection therewith. When an agent has made a contract in excess of his authority, the principal must affirm or repudiate it in its entirety. *Shoninger* v. *Peabody,* 57 Conn. 42, 47, 17 Atl. 278; 2 C. J. 483, 484.

Moreover, as it does not appear that the deeds were recorded until after the bank had been restrained from doing business, or that any deposits had been made in reliance on Mrs. Andretta's properties belonging to it, there is no foundation in the facts for a claim of estoppel. It does not appear that either the bank or any of its depositors had changed its position on the strength of any acts of the petitioner. *First National Bank* v. *Broder,* 107 Conn. 574, 581, 141 Atl. 861; *Webb* v. *Moeller,* 87 Conn. 138, 141, 87 Atl. 277. Under the circumstances, the petitioner was entitled to a reconveyance of the property in question.

There is no error.

In this opinion the other judges concurred.