## DONNA P. HUNTER ET AL. *v.* BARBARA Z. HUNTER

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 234378
FAIRFIELD

Memorandum filed August 9, 1989

*Stewart & DeCew,* for the plaintiffs.

*Duel & Holland,* for the defendant.

HON. IRVING LEVINE, STATE TRIAL REFEREE. The minor plaintiffs have brought suit by the named plaintiff, their mother and next friend, against the defendant, their father's second wife, claiming a constructive trust upon the proceeds of a policy on their father's life, which were paid to the defendant by the insurance company. The plaintiffs claim a vested interest in the policy proceeds by virtue of paragraph ten of the judgment of dissolution of their parents' marriage dated June 14, 1978. That paragraph reads: "All group life insurance provided by the present or any future employer of the defendant shall name the children as beneficiaries until the children attain the age of eighteen."

The decedent died on April 26, 1985, while married to the defendant, whom he had made the beneficiary of the policy in issue. The defendant's answer admits

certain of the allegations of the complaint. The defendant's answer, however, denies that the decedent died under such circumstances as to come within the terms of the insurance policy provided by his employer, that the defendant's designation as beneficiary is invalid and in violation of the terms of the divorce decree, and that the plaintiffs have a vested interest in the proceeds of the policy. Originally, there was a second life insurance policy covering the decedent in the amount of $25,000. The proceeds of that policy have been delivered to the plaintiffs by the defendant, so there remains in question only the proceeds of the one policy in the face amount of $50,000.

The case was tried to an attorney trial referee, who decided that a constructive trust on the policy proceeds did not exist. Thereafter, upon objection by the plaintiffs that the attorney trial referee had made incorrect conclusions of fact and applications of the law, the court, *Jacobson, J.,* sustained the objection, rejected the attorney trial referee's report and referred the case to a new referee. The case was submitted to this court on the transcript, the briefs and the memoranda included in the file and on oral argument by both counsel.

The facts are as follows: The plaintiffs' mother and the decedent were divorced on June 14, 1978, and agreed that paragraph ten be included as part of the dissolution judgment. In 1983, the decedent married the defendant. Prior to that second marriage, however, he underwent surgery for bone cancer. In 1983, the decedent was employed by NBI, Incorporated, which provided him with two life insurance policies, one for $25,000 and one for $50,000. When, during the second marriage, his cancer recurred, NBI placed him on long term disability. The $50,000 policy was cost free while he was employed. When he became disabled, however, the policy was continued for an additional two

years at a cost to him of $2.34 per month, and, at the end of that period, he was to be permitted to convert the policy to an individual one. He was notified of that on October 16, 1984, when, he was also informed by NBI that his long term disability had gone into effect on June 1, 1984. He died within the two year period. He had changed the beneficiary on the $50,000 policy from the plaintiffs to the defendant, and, on his death, the company paid her the policy proceeds. The death occurred while the children were both under eighteen years of age.

The first issue is whether the policy falls within paragraph ten as group life insurance provided by an employer. The defendant claims that because the decedent paid $2.34 per month to maintain the policy in effect, it was not company provided, since NBI paid nothing from the time the decedent began the monthly payments. The policy was provided by the employer to its employees as a group and the decedent received the group policy by virtue of his employment and as an incident of his employment. "Provide" is defined as "to supply for use: afford, yield." Webster, Third New International Dictionary. The synonyms listed there are, to furnish, to supply.

Originally, the decedent paid nothing for the policy. NBI provided the policy to its employees as a group, of which the decedent was a member, and he continued to be covered when his long term disability benefits went into effect. The policy provided long term benefits in the event of an insured's total incapacity, which occurred here. The policy insured the decedent upon his total incapacity, and it was the same insurance provided by his employer, although he was required to contribute to it. The evidence further discloses that the decedent could not otherwise have obtained $50,000 of individual life insurance at a cost of $2.34 per month, and that

he could obtain it only with that payment as a member of a group of employees. The employer furnished the employees' policy as an employment benefit. The court finds that the policy was group life insurance provided by the decedent's employer within the meaning of paragraph ten of the dissolution decree.

The next issue is whether a constructive trust of the policy proceeds was created upon the decedent's death for the benefit of his children. "[A] constructive trust arises 'contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, [to] hold and enjoy.' " *Zack* v. *Guzauskas,* 171 Conn. 98, 103, 368 A.2d 193 (1976); *Spatola* v. *Spatola,* 4 Conn. App. 79, 81, 492 A.2d 518 (1985). " 'A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' 5 Scott on Trusts (3d Ed.) § 462, p. 3413." *Brown* v. *Brown,* 190 Conn. 345, 349, 460 A.2d 1287 (1983). " 'If sufficient consideration appears to support the insured's promise to make the claimant the beneficiary or not to change the designation so as to deprive the named beneficiary of his interest therein, the claimant takes a vested interest in the proceeds. And this is true regardless of the fact that the policy gives the insured the right to change the designation.' 2 Appleman, Insurance Law and Practice § 922. A settlement of property rights arising from a contemplated divorce is satisfactory consideration for the acquistion of such a vested interest in a policy designation. *Hundertmark*

v. *Hundertmark*, 372 Pa. 138, 93 A.2d 856 (1952); 2 Appleman, supra; 44 Am. Jur. 2d 733, Insurance § 1751." *Kulmacz* v. *New York Life Ins. Co.*, 39 Conn. Sup. 470, 475, 466 A.2d 808 (1983). In the present case the consideration was furnished by the parents and the decedent father's responsibility to support his minor children. In a case similar on all facts except that the suit was by the first wife against the second, the Court of Appeals of New York held: "Whatever the legal rights between insurer and insured, the separation agreement vested in the first wife an equitable interest in the insurance policies then in force. An agreement for sufficient consideration, including a separation agreement, to maintain a claimant as a beneficiary of a life insurance policy vests in the claimant an equitable interest in the policies designated. . . . This interest is superior to that of a named beneficiary who has given no consideration, notwithstanding policy provisions permitting the insured to change the designated beneficiary freely." (Citations omitted.) *Simonds* v. *Simonds*, 45 N.Y.2d 233, 239, 380 N.E.2d 189, 408 N.Y.S.2d 359 (1978). "The cases are legion in which wives or children who were removed as beneficiaries of life insurance policies in violation of the terms of separation agreements or divorce judgments have been permitted to recover the proceeds of such policies . . . from the improperly substituted beneficiaries . . . . The beneficiary . . . has a vested equitable interest." *Green* v. *Green*, 13 Mass. App. 340, 342–43, 433 N.E.2d 92 (1982).

It is evident that when the plaintiffs' mother and father entered into a stipulated agreement for their dissolution, which was entered as a judgment, they both furnished consideration for that agreement, which was consideration for the children being named beneficiaries

of the life insurance. It follows therefrom that they acquired a vested equitable interest in the policy on his death, which is the basis for a constructive trust of the policy proceeds. In removing the children as beneficiaries of the policy, the decedent violated the judgment of the Superior Court and that constituted fraud. The defendant should not be allowed to become unjustly enriched as a result of the decedent's violation of the dissolution decree. "In the words of Judge Cardozo, '[a] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' . . . Thus, a constructive trust is an equitable remedy." *Simonds* v. *Simonds,* supra, 241. The court has been made aware, by the defendant, of cases that decided these issues differently. Those cases, however, rely in the main on formalisms and not sufficiently on established basic equitable principles that are relevant in family transactions. Id., 243.

The defendant has pleaded three special defenses, the first of which admits that the $25,000 policy was provided by the employer and appears to deny that the $50,000 policy was provided, an issue that the court has determined against the defendant. The second defense claims that the policy money was appropriately expended on the decedent's estate and, therefore, need not be reimbursed in equity to the plaintiffs. This defense is inapplicable to the issues involved here. The third special defense is that the decedent, although permanently disabled, did not attempt to modify the decree of dissolution with respect to the unallocated alimony and support but continued to make the required pay-

ments. Again, this special defense does not affect the issues involved in this case.

The court finds that the plaintiffs have established that the $50,000 life insurance policy was provided by their father's employer, NBI, and that a constructive trust of its proceeds was established for their benefit.

Judgment may enter in accordance with the foregoing, without costs.