[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Merry Marrelli, brings this action against Janet D. Hurd, her mother. Plaintiff alleges, in her amended complaint, that the parties contracted to transfer certain property from Hurd to Marrelli for $350,000. The contract, which plaintiff has appended, indicates that defendant gave to the plaintiff the said $350,000 as a gift. The parties also agreed in the contract that for $1.00 defendant would continue CT Page 6706 to live on the property and the plaintiff would maintain it.
The parties further agreed that a quit claim deed to the property would be held by a third party. The agreement further provided that if the plaintiff died before the defendant, the quit claim deed would be recorded and the property would revert to the defendant.
The plaintiff alleges that the defendant recorded the deed in violation of the agreement. The plaintiff brings this action in four counts: resulting trust; constructive trust; breach of contract (specific performance); and breach of contract (damages).
The defendant moves to strike counts one and two on the ground of legal insufficiency. Plaintiff filed an amended complaint subsequent to the defendant's motion to strike. The defendant did not object to the amended complaint with 15 days of its filing and it is therefore the operative complaint. Connecticut Practice Book 176(c).
A party may contest in a motion to strike the "legal sufficiency of the allegations of any complaint." Connecticut Practice Book 152(1). "[I]f facts provable under the allegations would support . . . a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
"Where one person has acquired obstensibly absolute title to property when he was not intended to, under circumstances which indicate that he should not be permitted to retain title, equity may impose a resulting trust." Rebillard v. Magedorn,6 Conn. App. 355, 358 (1986) (citing 76 Am. Jur.2d, Trusts 196).
The plaintiff alleges in count one that the defendant recorded the quit claim deed and "took the property without consideration." She also alleges that the defendant violated the agreement between them, by recording the deed while the plaintiff is living.
The plaintiff has sufficiently alleged facts to state a claim for a resulting trust.
"[A] constructive trust arises `contrary to intention . . . against one who . . . by any form of unconscionable conduct, artifice, concealment, or questionable means . . . either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." Zack v. Guzauskas, 171 Conn. 98, 103 (1976).; Hunter v. Hunter,41 Conn. Sup. 289, 292 (1990). CT Page 6707
The plaintiff alleges in count two that the defendant recorded the quit claim deed despite their agreement to record it only if the, plaintiff predeceased the defendant. Plaintiff's factual allegations sufficiently state a cause of action for constructive trust.
The motion to strike is denied as both counts.
McKEEVER, JUDGE