[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT, (#121)
ISSUE
Whether the court should grant the plaintiff's motion for summary judgment because there are no genuine issues of material fact and the plaintiff ;is entitled to judgment as a matter of law.
FACTS
The following facts are alleged in the substituted complaint, #110, and are not contested by the defendant. (See Defendant's Memorandum, #123, pp. 2-4.) The plaintiff, Christine Cannata, is the child of the decedent, Joseph Cannata, and the decedent's first wife, Marianne Nericcio. On January 19, 1984, the decedent and Marianne Nericcio entered into a stipulated judgment (the "stipulation") which resolved certain disputes arising out of the prior dissolution of their marriage. CT Page 6165 (See Motion for Summary Judgment, #121, Exhibit 11, Certified Copy of Stipulation dated January 19, 1984.) The stipulation provides, in pertinent part:
 The plaintiff [Joseph Cannata] shall maintain the minor child, Christine Cannata, as beneficiary of Forty Eight Thousand ($48,000.00) Dollars worth of life insurance on his life until Christine's eighteenth (18th) birthday. Presently, there are two life insurance policies on the plaintiff's life, one with United of Omaha in the approximate face amount of Eleven Thousand ($11,000.00) Dollars and one through his place of employment, United Technologies, Inc., in the approximate face amount of Fifty Three Thousand (53,000.00) Dollars. The parties agree that Christine shall be named as sole beneficiary on the United of Omaha policy and shall be covered by Thirty Seven Thousand ($37,000.00) Dollars of the life insurance policy available to the plaintiff through his place of employment, United Technologies, Inc. It is understood by the parties that the above beneficiary designations shall be irrevocable until October 6, 1988.
Prior to September 23, 1988, the decedent had maintained the plaintiff as a beneficiary on the insurance policy provided by his employer (the "CIGNA policy") in accordance with the terms of the stipulation. On September 23, 1988, thirteen days before the plaintiff's eighteenth birthday, the decedent named the defendant, Palma Cannata, his second wife, as the sole beneficiary of the CIGNA policy.
On May 9, 1990, Joseph Cannata died.
On May 23, 1990, CIGNA issued a check in the amount of $51,034.12 to the defendant, representing the proceeds of the CIGNA policy (the "proceeds").
The plaintiff alleges, in the first count of the substituted complaint, that the failure of the defendant to pay $37,000.00 of the proceeds to the plaintiff constitutes a conversion of that portion of the proceeds. In the second count, the plaintiff alleges that certain acts of the defendant alleged therein constitute a fraud upon the plaintiff. In her prayer for relief, the plaintiff seeks, inter alia, damages and the imposition of a constructive trust upon the proceeds.
The plaintiff now moves for summary judgment on the first count of the substituted complaint. The pleadings are closed. The parties have filed memoranda of law and appended appropriate CT Page 6166 documentation thereto.
DISCUSSION
 "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of lawn"'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact," Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984) citation omitted).
The plaintiff relies chiefly on Hunter v. Hunter,41 Conn. Sup. 289, 570 A.2d 246 (1989, Hon. Irving Levine, S.T.R.). In Hunter, supra, the plaintiffs were the minor children of the decedent and the decedent's first wife. Hunter v. Hunter, supra, 289. Pursuant to the judgment of dissolution of the marriage of the plaintiffs' parents, the plaintiffs were required to be designated as the beneficiaries of any insurance provided to the decedent by the decedent's employer until the plaintiffs reached the age of eighteen years. Id. The decedent died before the plaintiff reached the age of eighteen years. Id., 291. Prior to his death, however, the decedent had named the defendant, his second wife, as the beneficiary of an insurance policy provided by his employer. Id., 289, 292. The court held that the beneficiary named in the stipulated agreement of dissolution had an interest in the policy superior to that of the beneficiary subsequently named by the decedent. Id., 293-94. The court stated that "[i]n removing the children as beneficiaries of the policy, the decedent violated the judgment of the Superior Court and that constituted fraud. The defendant should not be allowed to become unjustly enriched as a result of the decedent's violation of the dissolution decree." Id., 294. The court further held that a constructive trust over the proceeds was established for the benefit of the plaintiffs. Id., 295, The court stated: CT Page 6167
 "[A] constructive trust arises `contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and in good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, [to] hold and enjoy.'" Zack v. Guzauskas, 171 Conn. 98, 103, 368 A.2d 193 (1976); Spatola v. Spatola, 4 Conn. App. 79, 81, 492 A.2d 518 (1985). "`A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' 5 Scott on Trusts (3rd Ed.) 462 p. 3413." Brown v. Brown, 190 Conn. 345, 349, 460 A.2d 1287 (1983).
. . . .
 . . . "In the words of Judge Cardozo, `[a] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' . . . Thus, a constructive trust is an equitable remedy."
Id., 292, 294; Cohen v. Cohen, 182 Conn. 193, 203,438 A.2d 55 (1980); Colonial Bank Trust Co. v. Matoff, 18 Conn. App. 20,29, 556 A.2d 619 (1989).
The defendant makes several arguments as to why this court should not apply the rationale of the Hunter case to the present facts. First, the defendant argues that because the defendant was unaware of the change of beneficiary until after the decedent's death, a genuine issue of material fact exists. This fact is relevant only to the second count of the substituted complaint and, accordingly, is not material for the purposes of the present motion.
Second, the defendant argues that the Hunter case is distinguishable because, in the present case, the decedent died after the plaintiff had attained the age of eighteen years and, therefore, the plaintiff is not entitled to have a constructive trust imposed on the proceeds of the CIGNA policy. Nevertheless, the decedent attempted to remove the plaintiff CT Page 6168 as a beneficiary of the CIGNA policy before she had attained the age of eighteen years. This constitutes a violation of the stipulation and "[t]he defendant should not be allowed to become unjustly enriched as a result of the decedent's violation." Hunter v. Hunter, supra, 294. The defendant would become unjustly enriched if a cc, instructive trust were not established over the proceeds of the CIGNA policy. See, id., 294-95.
The defendant further argues that the stipulation was intended to supplement child support and, therefore, the decedent was not obligated to retain the plaintiff as a beneficiary beyond her eighteenth birthday. Regardless of the expiration of the decedent's obligation to retain the plaintiff as a beneficiary of the CIGNA policy, the decedent violated the stipulation while the obligation was still if effect. The elimination of the plaintiff as a beneficiary of the CIGNA policy violates the terms of the stipulation and the defendant would become unjustly enriched ;if a constructive trust were not established over the proceeds of the CIGNA policy, See, id.
Additionally, the defendant argues that she was not unjustly enriched by the decedent's premature change of beneficiary because the plaintiff was not divested of any equitable interest in the CIGNA policy in that the decedent did not die until after the plaintiff's eighteenth birthday. Nevertheless, the decedent violated the terms of the stipulation prior to the plaintiff's eighteenth birthday. Accordingly, the defendant would be unjustly enriched as a result of this violation but for the establishment of a constructive trust over the proceeds of the CIGNA policy for the benefit of the plaintiff.
The defendant further argues that because, under the terms of the stipulation, it was merely "understood by the parties that the above beneficiary designations shall be irrevocable until October 6, 1988" that the decedent was under no definite obligation to retain the plaintiff as a beneficiary of the CIGNA policy. The phrase "understood by the parties" lends no ambiguity to the mandate of the stipulation. Moreover, the stipulation further directs that "[t]he plaintiff [Joseph Cannata] shall maintain the minor child. Christine Cannata, as beneficiary on Forty Eight Thousand ($48,000.00) Dollars worth of life insurance on his life until Christine's eighteenth (18th) birthday." The decedent was required to retain the plaintiff as an irrevocable beneficiary on the CIGNA policy until her eighteenth birthday.
Lastly, the defendant argues that by virtue of a letter from Attorney Helen Ryan, counsel for the plaintiff, to counsel for the decedent, the decedent was given the choice of CT Page 6169 designating the plaintiff as an irrevocable beneficiary on both policies mentioned in the stipulation or of providing annual proof that the plaintiff was retained as a beneficiary on both policies. The defendant further argues that because the decedent chose the latter option, the stipulation constitutes a voidable contract which was voided by the decedent. The letter from Attorney Ryan states, in part:
 Thank you for your correspondence of March 29, 1984, and the accompanying verification of beneficiary designation on Joseph Cannata's group life insurance policy through United Technologies. With respect to this particular beneficiary designation, our only other request at this time would be either a written confirmation from the company that the designation is irrevocable, or Mr. Cannata's ongoing responsibility of providing us with this designation on an annual basis until Christine's eighteenth birthday.
(Defendant's Memorandum, #123, Exhibit 12, Letter from Attorney Ryan dated April 2, 1984.) This letter did not give the decedent an alternative to retaining the plaintiff as an irrevocable beneficiary of the CIGNA policy. Rather, the letter merely provided the decedent with alternative means of providing confirmation of the designation.
The facts of the Hunter case are indistinguishable from those of the present case and, accordingly, the rationale of the Hunter case applies to the facts of the present case.
CONCLUSION
The court grants the plaintiff's motion for summary judgment because the plaintiff has shown that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. The plaintiff has shown that a constructive trust was established over $37,000.00 of the proceeds of the CIGNA policy. See Hunter v. Hunter, supra, 295.
It is so ordered.
AUSTIN, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 6170