[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 5123-BBBBB
This case involves a dispute among various members of an extended family. The plaintiff is the fourth son in what the complaint describes as "a traditional Albanian family." The defendants are his two oldest brothers and a sister-in-law.
The complaint is set forth in thirteen counts alleging, inter alia, breach of fiduciary duty, constructive fraud, actual fraud, breach of contract, breach of the covenant of good faith and fair dealing and several statutory violations including theft and violation of the federal and state racketeering laws. On January 30, 1996, the defendants, Idaet Bushka, Myfit Bushka and Margarita Bushka filed a motion to strike addressed to the fourth, eighth, ninth and thirteenth counts and subparagraphs A, B, C, D, H, I, J, K and M of the prayer for relief of the complaint dated January 17, 1996. A memorandum of law accompanied the motion. The motion appeared on the short calendar for oral argument on June 19, 1996. Despite several previous requests for extensions of time to file an opposition memorandum as well as the mandate of § 155 of the Practice Book, the plaintiff failed to file a memorandum of law by that date.[1]
At the time of oral argument, the plaintiff agreed to amend the prayer for relief in accordance with the motion to strike the aforementioned subparagraphs. The court therefore limits its consideration to the fourth, eighth, ninth and thirteenth counts of the complaint which the defendants challenge on the grounds of legal insufficiency.
One of the primary purposes of a motion to strike is to challenge the legal sufficiency of one or more counts of a complaint "to state a claim upon which relief may be granted." Practice Book § 152. In ruling on a motion to strike, the court is bound to accept facts alleged in the complaint which must be viewed in the light most favorable to the nonmoving party.Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). However, a motion to strike shall be granted if the complaint, or one or more counts contained therein, does not sufficiently set forth a legally cognizable cause of action. See Mora v. Aetna Life CT Page 5123-CCCCCCasualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
FOURTH COUNT
The fourth count of the complaint incorporates the first ninety-seven (97) paragraphs which contain claims of breach of fiduciary duty, constructive fraud and actual fraud, set forth in the first three counts, respectively. This count adds no new factual allegations and essentially asserts that based on the defendants' conduct as set forth in the incorporated allegations, the plaintiff is entitled to a constructive trust.[2]
The constructive trust is a remedial rather than substantive device. R. Maudsley, Hanbury's Modern Equity (9th Ed. 1969) p. 222. It is imposed by equity to prevent unjust enrichment. Gulack v. Gulack, 30 Conn. App. 305, 311,620 A.2d 181 (1993). "When property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Cohen v. Cohen, 182 Conn. 193, 203,438 A.2d 55 (1980) (quoting Beatty v. Guggenheim ExplorationCo., 225 N.Y. 380, 386, 122 N.E. 378 (1919)); See also W. Fratcher, 5 Scott on Trusts (4th Ed. 1987) § 462; Restatement, Restitution § 160 (1937). A constructive trust is therefore an equitable remedy and not an independent cause of action.Hunter v. Hunter, 41 Conn. Sup. 289, 294,570 A.2d 246 (1989). Since the only basis for this count is a claim for a constructive trust, the motion to strike is granted as to the fourth count.
EIGHTH COUNT
The eighth count of the complaint realleges the first one hundred and sixteen (116) paragraphs of the complaint and seeks, pursuant to § 52-509 of the General Statutes, the appointment of the plaintiff as a receiver to dispose of the family partnership property.[3] The count adds no new factual allegations and claims that based on the defendants' wrongful conduct and the plaintiff's willingness to represent all the "non-defendant partners," he should be appointed as "a receiver to dispose of all the property of the family partnership. " Complaint, ¶¶ 118-120.
It is well-settled that a receivership is a "remedy" or "temporary status or condition" which is equitable in nature. The object of a receivership is to secure or preserve the property or assets in controversy pending the outcome of CT Page 5123-DDDDD litigation. The procedure for the appointment of a receiver was outlined by former Chief Justice Swift and has been supplemented by our rules of practice. 2 Z. Swift, A Digest of the Laws of the State of Connecticut (1823) pp. 159-60; Practice Book §§ 504-510; See also Hartford Federal Savings Loan Assn. v.Tucker, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied,474 U.S. 920 (1985); W. Moller W. Horton, 1 Connecticut Practice-Practice Book Annotated, Superior Court Civil Rules (3d Ed. 1989) § 485, pp. 677-78. A petition for the appointment of a receiver is therefore a remedial procedural device which does not constitute an independent cause of action. Since this count seeks only the plaintiff's appointment as a receiver, it fails to state a cause of action and must be stricken.
NINTH COUNT
The ninth count of the complaint realleges the first one hundred and twenty (120) paragraphs of the complaint and asserts what it characterizes as "derivative claims" on behalf of Bushka Lumber Company, Inc., pursuant to § 52-572j of the General Statutes.[4] Complaint ¶¶ 121-127. The plaintiff asserts generally that the defendants, Idaet and Myfit Bushka, the majority shareholders, have failed to enforce the rights of the corporation and are profiting at the expense of the plaintiff and the two other minority shareholders, Xhelal and Qamil Bushka. The plaintiff further claims that he is seeking to protect the corporation's assets from "continuing waste and misappropriation" and that he will "fairly and adequately represent the interests of the shareholders generally." Complaint, ¶¶ 123-26.
The defendants move to strike this count on the following grounds:
(1) The corporation, Bushka Lumber Company, Inc. is neither a plaintiff nor a defendant in this action;
(2) The plaintiff does not fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation;
(3) No demand and refusal has been made on the corporation or alleged in the complaint, as required by law; and
(4) The complaint fails to state facts showing injury to CT Page 5123-EEEEE the corporation.
A shareholder derivative action typically is brought by a shareholder to require the corporation to enforce a right which the management is failing to assert. General Statutes § 52-572j(a);Rosenfield v. Metals Selling Corp., 229 Conn. 771, 791,643 A.2d 1253 (1994); S. Cross J. Capetta, Connecticut-Corporation Law Practice (1992) § 16.1, pp. 688-693 (1996-1 Sup. ). It is an equitable action brought by a stockholder as a nominal plaintiff representing the corporation which is designed to hold wrongdoing directors and majority shareholders to account and to enforce corporate claims against third persons.Barrett v. Southern Conn. Gas Co., 172 Conn. 362, 370,374 A.2d 1051 (1977); Lavieri v. Sterling Engineering Corp., Superior Court, judicial district of Litchfield, Docket No. 065514 (August 26, 1994).
Since the plaintiff has not alleged that the corporation failed to assert a right which may properly have been asserted by it, he fails to meet the threshold requirement for a shareholder's derivative action under the statute. General Statutes § 52-572j(a); S. Cross J. Capetta, supra, p. 691; See also Rosenfield v. Metals Selling Corp., supra, 229 Conn. 790-91. In addition, the plaintiff cannot claim to fairly and adequately represent the interests of the other shareholders in that he appears to have an irreconcilable conflict of interest in light of the fact that the twelve remaining counts of the plaintiff's complaint seek to vindicate his personal rights within the family partnership and related businesses. SeeBarrett v. Southern Conn. Gas Co., supra, 172 Conn. 370-73 (nominal plaintiff in shareholder derivative suit must have "interests and issues coextensive with those of the class of shareholders he seeks to represent"); Sankaran v. Jarvis,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 456254 (May 19, 1994) (a complaint which seeks to vindicate the plaintiff's personal rights may not be mixed with derivative claims). Because the ninth count fails to meet the threshold requirements of the statute, the motion to strike this count is granted.[5]
THIRTEENTH COUNT
The thirteenth count of the complaint is brought pursuant to § 53-395 of the General Statutes. This count realleges the first one hundred and seventy-eight (178) paragraphs of the CT Page 5123-FFFFF complaint and further alleges that the defendants have engaged in a pattern of racketeering activity as those terms are defined by General Statutes § 53-394(a) and § 53-394(e), respectively.
General Statutes § 53-394. Definitions
 (a) "Racketeering activity" means to commit, to attempt to commit, to conspire to commit, or to intentionally aid, solicit, coerce or intimidate another person to commit any crime which, at the time of its commission, was a felony chargeable by indictment or information under the following provisions of the general statutes then applicable: (1) Sections 53-278a to 53-278f, inclusive, relating to gambling activity; (2) chapter 949a, relating to extortionate credit transactions; (3) chapter 952, part IV, relating to homicide; (4) chapter 952, part V, relating to assault, except assault with a motor vehicle as defined in section 53a-60d; (5) sections 53a-85 to 53a-88, inclusive, relating to prostitution; (6) chapter 952, part VII, relating to kidnapping; (7) chapter 952, part VIII, relating to burglary, arson and related offenses; (8) chapter 952, part IX, relating to larceny, robbery and related offenses; (9) chapter 952, part X, relating to forgery and related offenses; (10) chapter 952, part XI, relating to bribery and related offenses; (11) chapter 952, part XX, relating to obscenity and related offenses; (12) chapter 952, part XIX, relating to coercion; (13) sections 53-202, 53-206, 53a-211 and 53a-212, relating to weapons and firearms; (14) section 53-80a, relating to the manufacture of bombs; (15) sections 36b-2 to 36b-33, inclusive, relating to securities; (16) sections 21a-277, 21a-278 and 21a-279, relating to drugs; (17) section 22a-131a, relating to hazardous waste; or (18) chapter 952, part XXIII, relating to money laundering.
 (e) "Pattern of racketeering activity" means engaging in at least two incidents of racketeering activity that have the same or similar purposes, results, participants, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents, provided the latter or CT Page 5123-GGGGG last of such incidents occurred after October 1, 1982, and within five years after a prior incident of racketeering activity.
Based on these statutory provisions, in order to sustain a claim based on the Connecticut Corrupt Organizations and Racketeering Activity Act ("CORA"), § 53-393 et seq. of the General Statutes, the complaint must allege that defendants engaged "in at least two incidents of racketeering activity in accordance with § 53-394(e) which requires, inter alia, that the last of the two incidents must have "occurred after October 1, 1982, and within five years after a prior incident of racketeering activity." The acts that constitute racketeering activity are enumerated in General Statutes § 53-394(a).
Although the plaintiff alleges that the defendants' conduct, as set forth in the previous paragraphs of the complaint, amounts to "racketeering activity" as that term is defined by § 53-394(a) and a "pattern of racketeering activity" as defined by § 53-394(e), the activities alleged therein do not appear to satisfy the essential requirements of the statutory definitions. The motion to strike the thirteenth count of the complaint is therefore also granted.
/s/ Peck, J. PECK