[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
CT Page 455
The plaintiff has alleged that several parcels of real property and several items of tangible personalty, titles to which now stand in the name of the defendant, are held under express, constructive or resulting trusts.
DISCUSSION
 Constructive Trust
In Gulack v. Gulack, 30 Conn. App. 305 (1993), the court set out the elements of a constructive trust and noted how one is created:
 The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor with the intent that the transferee will transfer the property to the third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property. A constructive trust is created by operation of law when these elements are present.
Id., 310.
The plaintiff has failed to meet his burden of establishing by a preponderance of the evidence that the various grantors (including the plaintiff) of the realty and personalty in dispute had an intent to benefit the plaintiff, that the required confidential relationships existed or that the defendant will be unjustly enriched if he is allowed to retain those properties. Accordingly, it is held that the property in dispute is not impressed by a constructive trust.
Resulting Trust
In Rebillard v. Hagedorn, 6 Conn. App. 355 (1986), the court stated the criteria under which a resulting trust may be imposed, as follows:
 Where one person has acquired ostensibly absolute title to property when he was CT Page 456 not intended to, under circumstances which indicate that he should not be permitted to retain absolute title, equity may impose a resulting trust. (Citation omitted.)
Id., 358.
The Rebillard court then went on to provide examples of situations which may give rise to a resulting trust, as follows:
 Where, for example, the property is conveyed without consideration for a particular purpose and that purpose is either fulfilled or frustrated, a court may find a resulting trust. Similarly, where the purchase price for property is paid by one individual and title is taken in the name of another, the law may impose a resulting trust in favor of the person who paid the purchase price. In these and similar circumstances, a resulting trust is imposed based on the parties' presumed or actual intent that a trust relationship result from the transfer. (Citations omitted.)
Id., 358-59.
The plaintiff has failed to meet his burden of establishing by a preponderance of the evidence that the defendant's grantors did not intend the defendant to retain absolute title.
Express Trusts
The plaintiff did not meet his burden of establishing by a fair preponderance of the evidence that the plaintiff conveyed or delivered any property under an express trust.
Remaining Claims
The remaining claims of the plaintiff are dependent upon his establishing that the assets in dispute are held in, or should be impressed in, a trust. The trust claims having failed, the remaining claims have not been proven. CT Page 457
CONCLUSION
Judgment is entered in favor of the defendant on all counts.
George Levine, Judge