[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 109
On November 18, 1997, the plaintiff, George Gager, filed an amended complaint against the defendant, Anne Sanger. In the three-count complaint, which sets forth actions based on express trust, resulting trust and constructive trust, the plaintiff alleges that the defendant is improperly holding title to certain property formerly owned by the plaintiff. According to the complaint: the plaintiff was the owner of two parcels of land adjacent to the defendant's property; the plaintiff's property was in danger of being foreclosed upon; the plaintiff and the defendant allegedly entered into an agreement whereby the plaintiff would abandon his defense of the foreclosure so that the defendant, who was interested in one of the parcels, would be able to redeem the land and stave off foreclosure; the defendant would then keep title to one parcel (which supposedly had a market value exceeding the costs of the existing mortgage) while reverting title to the other piece back to the plaintiff; and that after the defendant obtained title to both parcels of property, she refused to return title to one of the parcels back to the plaintiff.
The defendant has moved to strike the entire complaint, stating that each count is legally insufficient and fails to state a ground on which relief can be granted. The plaintiff, maintains that the complaint sets forth proper causes of action, CT Page 12889 and that the defendant's motion is an improper "speaking" motion to strike, containing factual allegations outside the pleadings.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged. . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Nothing . . . suggests, however, that every argument in a motion to strike is rendered defective by the moving party's allegation of some fact contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
Though the defendant's motion to strike contains many facts outside the allegations of the complaint, the grounds for the motion to strike are not entirely dependent on these facts. Rather, the defendant's motion to strike claims that the individual counts of the complaint, as alleged, are legally insufficient. The court will, accordingly, address the merits of the motion to strike.
1. Express Trust
A trust requires three basic elements: 1) a trust res; 2) a fiduciary relationship between a trustee and a beneficiary; and 3) the manifestation of an intent to create a trust. Goytizolo v.Moore, 27 Conn. App. 22, 25, 604 A.2d 362 (1992).
In the first count, the plaintiff has failed to allege a fiduciary relationship between the trustee and a beneficiary. Moreover, "it is well settled that, in general, real property absolutely conveyed cannot be shown to be subject to an express trust created by parol agreement" as per General Statutes § 52-550, the Statute of Frauds. Schmaling v. Schmaling, CT Page 1289048 Conn. App. 1, 18, 707 A.2d 339, cert. denied, 244 Conn. 929,711 A.2d 727 (1998). In instances where an injustice would otherwise arise, courts have recognized exceptions to this rule by way of a constructive trust. Such an exception is improper in the instant matter. "Before a trial court finds that a constructive trust exists and should be imposed, the court must find that a confidential relationship existed between the transferor and the transferee at the time of transfer of the property." Gulack v.Gulack, 30 Conn. App. 305, 312, 620 A.2d 181 (1993). The first count does not contain any allegations of such a confidential relationship.
The motion to strike the first count of the plaintiff's amended complaint, therefore, is granted.
2. Resulting Trust
In general, a resulting trust arises at once, by operation of law, "[w]hen the purchase money for property is paid by one and the legal title is taken in the name of another." (Citations omitted; internal quotation marks omitted.) Cohen v. Cohen,182 Conn. 193, 201, 438 A.2d 55 (1980). "The party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption." Saradjian v. Saradjian,25 Conn. App. 411, 414, 595 A.2d 890 (1991). Since the plaintiff has not alleged that the purchase money was paid by him, the plaintiff is not entitled to the presumption of a resulting trust.
Equity may impose a resulting trust, however, "[w]here one person has acquired ostensibly absolute title to property when he was not intended to, under circumstances which indicate that he should not be permitted to retain absolute title." Rebillard v.Hagedorn, 6 Conn. App. 355, 358-59, 505 A.2d 731 (1986) ("[o]nce the purpose for which the property was transferred, the care of the decedent, was either fulfilled or frustrated, the property in equity had to be reconvened to the decedent's estate"). See alsoBassett v. Pallotti, Andretta Co., 117 Conn. 58, 62, 166 A. 752
(1933) (property was transferred for purposes of financing a loan, when the financing deal fell through, the transferee was obliged to return title back to transferor).
The plaintiff has alleged that he reached an agreement with the defendant whereby Sanger would purchase both properties and then return to Gager title to one parcel. In addition, the CT Page 12891 plaintiff has alleged that in reliance on this agreement he withdrew his "vigorous" defense of the ongoing foreclosure action. Furthermore, the plaintiff alleges that he "arranged" for the defendant to purchase the mortgage and I "arranged" for the transfer of titles. As the court is required to construe the complaint in a manner most favorable to the plaintiff, the court finds that the plaintiff has alleged circumstances that may be the basis of a resulting trust.
The motion to strike the second count, therefore, is denied.
3. Constructive Trust
"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. . . The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . One holding title to property upon which a constructive trust is imposed is not compelled to reconvey the property because he is a constructive trustee; it is because he can be compelled to convey title to the property that he is a constructive trustee."(Citations omitted internal quotation marks omitted.) Schmaling v. Schmaling, supra, 48 Conn. App. 18.
The general standards governing the imposition of a constructive trust are well established. "[A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." Wendell Corp. Trustee v.Thurston, 239 Conn. 109, 113, 680 A.2d 1314 (1996). To find that a "constructive trusts exists and should be imposed, the court must find that a confidential relationship existed between the transfer or and the transferee at the time of transfer of the property. . ." (Citation omitted.) Gulack v. Gulack,30 Conn. App. 305, 312, 620 A.2d 181 (1993). CT Page 12892
In the third count of the complaint, the plaintiff has alleged that he "arranged" the transfer of the titles to the defendant. Furthermore, the plaintiff alleges that the defendant obtained title to both parcels of land by abusing the plaintiff's confidence in relying on the alleged agreement whereby the defendant would return title to one parcel to the plaintiff. Specifically, the plaintiff alleges that he had reason to believe that the defendant would abide by the agreement as a result of "a confidential relationship by virtue of their previous marriage and current shared parental roles." (Amended complaint, third count, § 11.)
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise is under a duty to represent the interests of the other." Dunham v. Dunham,204 Conn. 303, 322, 528 A.2d 1123 (1987), overruled on other grounds, Santopietro v. New Haven, 239 Conn. 207, 213,682 A.2d 106 (1996). "A confidential relation exists not only where there is a fiduciary duty . . . but also where, because of family relationship . . . the transferor . . . is justified in placing confidence in the belief that the transferee will act in the interest of the transferor. . ." (Citations omitted; internal quotation marks omitted.) Gulack v. Gulack, supra,30 Conn. App. 312. "The determination of whether such a fiduciary relationship exists is one of fact, and therefore, is not appropriately determined on a motion to strike." Dufault v. Mastrocola, superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543343 (March 1, 1996, Hale, J.T.R.);Starratt v. Spencer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140926, (November 30, 1995).
Construing the complaint in a manner most favorable to the plaintiff, Gager has alleged the basic elements of a constructive trust. Therefore, the motion to strike the third count is denied.
Martin, J.